**F I L E D**

**UNITED STATES COURT OF APPEALS**

**December 8, 2006**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MELQUIADES OCANA-RASCON
aka Melquides Ocana-Rascon,

    Defendant - Appellant.

No. 06-1217

(D. Colorado)

(D.C. No. 05-CR-481-REB)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA,** Chief Circuit Judge, **ANDERSON**, Circuit Judge, and **BRORBY,** Senior Circuit Judge.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Defendant-appellant Melquiades Ocana-Rascon pled guilty to one count of illegal reentry by a deported alien previously convicted of an aggravated felony,

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 (eff. Dec. 1, 2006) and 10th Cir. R. 32.1 (eff. Jan. 1, 2007).

in violation of 8 U.S.C. § 1326(a) and (b)(2). He was sentenced to forty-six months' imprisonment, followed by three years of supervised release. He has filed a timely appeal.

Ocana-Rascon's appointed counsel, Assistant Federal Public Defender Robert Pepin, has filed an Anders brief and moved to withdraw as counsel. See Anders v. California, 386 U.S. 738 (1967). Ocana-Rascon has filed a very short response, and the government has declined to file a brief. We therefore base our conclusion on counsel's brief, Ocana-Rascon's short response, and our own careful review of the record. For the reasons set forth below, we agree with Mr. Pepin that the record in this case provides no nonfrivolous basis for an appeal, and we therefore grant his motion to withdraw and dismiss this appeal.

## BACKGROUND

As indicated, Ocana-Rascon was indicted on one count of unlawful reentry by a previously-deported felon. On February 24, 2006, he entered into a written plea agreement whereby he pled guilty, in exchange for the government's agreement to recommend a three-level reduction in his offense level for acceptance of responsibility and to recommend a sentence at the bottom of the advisory sentencing range calculated pursuant to the United States Sentencing Commission, Guidelines Manual ("USSG") (2005).

As a factual basis for his plea, Ocana-Rascon admitted that he was a citizen of Mexico and that he had been previously deported (in 1995) following a conviction for second degree assault. He further admitted that after he was deported, he illegally reentered the United States in 2000. At his change of plea hearing, the district court carefully ascertained that Ocana-Rascon was knowingly and voluntarily entering into the plea agreement and engaged in a full colloquy under Fed. R. Crim. P. 11.

Following his guilty plea, the United States Probation Officer prepared a presentence report ("PSI"). Pursuant to USSG §2L1.2, the PSI calculated Ocana-Rascon's base offense level at eight. With a sixteen-level increase based on his prior conviction for second degree assault, USSG §2L1.2(b)(1)(A)(ii), and a three-level reduction for acceptance of responsibility, Ocana-Rascon's total offense level was twenty-one. With a criminal history category of III, based upon the prior assault conviction as well as three driving-while-impaired convictions, Ocana-Rascon's advisory Guideline sentencing range was forty-six to fifty-seven months.

Ocana-Rascon filed a written response to the PSI, in which he did not challenge the accuracy of the advisory Guideline calculations, but he did raise two factors he argued warranted a sentence below the advisory Guideline range. First, he argued that although he had pled guilty to second degree assault in 1994, he was not in fact guilty of that crime. He asserted that he had only pled guilty

because he had been in jail for six months and had been told by his attorney that he would receive a sentence of probation if he pled guilty. As it turned out, he was sentenced to two years. Ocana-Rascon argued that those circumstances warranted a lower sentence. Additionally, he argued that his youngest daughter, who has a speech and language disability, was profoundly affected by his incarceration and a long incarceration would have a severely negative impact on her. On the basis of those two factors, Ocana-Rascon requested a thirty-month sentence.

At Ocana-Rascon's sentencing hearing, his counsel reiterated those two arguments in favor of a thirty-month sentence. The district court issued findings and conclusions as follows: regarding Ocana-Rascon's argument that he was wrongly convicted of second degree assault, the court stated it was "troubled," Tr. of Hr'g on Sentencing at 16, R. Vol. III, because for the situation to have occurred as described by Ocana-Rascon, Ocana-Rascon's attorney, as well as the prosecutor and the state court judge, would have all had to have failed to fulfill their constitutional duty to correctly inform Ocana-Rascon of the permissible sentence for assault. The court further noted that Ocana-Rascon had three driving-while-impaired convictions and had only received ninety days in jail for each conviction. Finally, while Ocana-Rascon's daughter's situation "tug[ged] at [the court's] heart strings," the court ultimately determined that Ocana-Rascon's criminal record outweighed those concerns. Id. at 18. After considering the

-4-

advisory Guideline range in light of the statutory sentencing factors contained in 18 U.S.C. § 3553(a), the court determined that a sentence at the bottom of the Guideline range was actually "very lenient." Tr. of Hr'g on Sentencing at 19, R. Vol. III. The court accordingly sentenced Ocana-Rascon to forty-six months, followed by three years of supervised release. This appeal followed.

## DISCUSSION

Under Anders, "counsel [may] request permission to withdraw [from an appeal] where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." United States v. Calderon, 428 F.3d 928, 930 (10th Cir. 2005) (citing Anders, 386 U.S. at 744). This process requires counsel to:

> submit a brief to the client and the appellate court indicating any potential appealable issue based on the record. The client may then choose to submit arguments to the court. The [c]ourt must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous. If the court concludes after such an examination that the appeal is frivolous, it may grant counsel's motion to withdraw and may dismiss the appeal.

Id. (citing Anders, 386 U.S. at 744). As indicated, Ocana-Rascon's counsel has filed his Anders brief, to which Ocana-Rascon has submitted a very short response. The government has declined to file a brief.

We agree with counsel that there is no nonfrivolous issue related to the district court's sentence or to Ocana-Rascon's guilty plea. Ocana-Rascon himself

concedes he can articulate no specific challenge to his conviction or sentence.[1]

Our careful review of the record convinces us that Ocana-Rascon knowingly and voluntarily pled guilty and that the district court considered all appropriate sentencing factors in reaching the sentence it did. We discern no basis for ignoring the presumption of reasonableness arising from the sentence imposed within the advisory Guideline range. See United States v. Kristl, 437 F.3d 1050, 1054 (10th Cir. 2006) (per curiam).

---

[1]He asserts that "the Supreme Court is currently reviewing Almendarez-Torres" v. United States, 523 U.S. 224 (1998), in which the Supreme Court concluded that the fact of a prior conviction need not be charged in an indictment. Appellant's Response. Further, although the Court in Apprendi v. New Jersey, 530 U.S. 466 (2000), held that any fact which increases a sentence beyond the statutory maximum must be charged in an indictment and proven beyond a reasonable doubt, it made an exception for the fact of a prior conviction. United States v. Booker, 543 U.S. 220, 244 (2005), reaffirmed that exception for prior convictions. While the Court has itself questioned the continuing validity of Almendarez-Torres, see Shepard v. United States, 544 U.S. 13, 27 (2005) (Thomas, J., concurring in the judgment) (noting that "Almendarez-Torres . . . has been eroded . . . and a majority of the Court now recognizes that Almendarez-Torres, was incorrectly decided"); Apprendi, (noting "it is arguable that Almendarez-Torres was incorrectly decided"), it has not overruled it. Thus, until the Supreme Court does so, this court is "bound by existing precedent to hold that the Almendarez-Torres exception fo the rule announced in Apprendi and extended to the Guidelines in Booker remains good law." United States v. Moore, 401 F.3d 1220, 1224 (10th Cir. 2005).

## CONCLUSION

For the foregoing reasons, counsel's motion to withdraw is GRANTED and this appeal is DISMISSED.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge